# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

D. MARIA SCHMIDT, as Personal
Representative of THE ESTATE OF
RUSSELL W. BLOSE,

       **Plaintiff,**

**v.**                                **No. 18-CV-845-JAP-KBM**

THE REINALT-THOMAS CORPORATION,
a Michigan corporation d/b/a/ DISCOUNT
TIRE COMPANY/AMERICA'S TIRE CO.,
and DISCOUNT TIRE CO., INC., an Arizona
corporation,

       **Defendants.**

## MEMORANDUM OPINION AND ORDER

On September 6, 2018, Defendants The Reinalt-Thomas Corporation (Reinalt) and

Discount Tire Co, Inc. (Discount Tire) (collectively, Defendants) removed this case from the

First Judicial District Court in Santa Fe County, New Mexico, to this Court.[1] Plaintiff D. Maria

Schmidt (Plaintiff) asks the Court to remand the case to state court, asserting that the removal

was both untimely and improper.[2] The Motion is fully briefed.[3] Finding that Defendants'

removal was timely but improper, the Court will grant the Motion.

## I.     BACKGROUND[4]

Plaintiff is the personal representative of the estate of Russell W. Blose (Decedent).

Compl. ¶ 3, Doc. 1-2. Plaintiff's claims arise from a roll-over accident that took place in New

---

[1] *See* DEFENDANTS' NOTICE OF REMOVAL (Doc. 1) (Notice).
[2] *See* PLAINTIFF'S MOTION TO REMAND (Doc. 5) (Motion).
[3] *See* DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND [DOC. 5] (Doc. 7) (Response); PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND [DOC. 7] (Doc. 13) (Reply).
[4] Facts are undisputed unless otherwise noted.

Mexico, allegedly caused by a defective tire, in which Decedent was killed. *Id.* ¶¶ 29–30. At the time of the accident, Decedent was traveling from Arizona through New Mexico, on his way to Wisconsin. Mot. at 2. Decedent had sold his house in Arizona, and he and his family were moving to Wisconsin to live with his father. *Id.* at 2, 5. He was driving one pickup truck and pulling another, both filled with belongings, while his wife and children followed behind in a rented U-haul. Compl. ¶ 22; Mot. at 2, 7; Resp. at 4–5; Reply at 3. A tire failed on the truck Decedent was towing, causing him to lose control of his vehicle, which crossed the median and rolled over. Compl. ¶¶ 22–24, 28–30. Decedent died from the injuries he suffered in the accident. *Id.* ¶ 30.

On February 1, 2018, Plaintiff filed suit against Defendants in New Mexico state court alleging that Defendants had sold Decedent defective tires, one of which failed during the drive through New Mexico and caused the accident. *Id.* ¶¶ 18, 27–30. Plaintiff asserted claims under the Unfair Practices Act, NMSA 1978 § 57-12-2, and for strict products liability, negligence, breach of warranty, and punitive damages. *Id.* ¶¶ 31–48. Defendants are citizens of Arizona, and Plaintiff alleged in the Complaint that Decedent was also a citizen of Arizona. *Id.* ¶¶ 2, 4–6. However, during the discovery process Defendants became aware that Decedent had been in the process of moving to Wisconsin when he died. Mot. at 2–3. On July 2, 2018, Plaintiff provided Defendants with interrogatory responses stating that "Decedent and his family departed from Phoenix, AZ on Friday, March 24, 2017 at around 2 or 3 p.m. and were expecting to arrive in Wisconsin on March 27, 2017 around mid-afternoon. They were moving from Arizona to Wisconsin, into Decedent's dad's house." Mot. at 2. The discovery responses also contained a list of property being transported, a copy of the one-way U-haul contract, and listed the

Wisconsin address of Decedent's father as the residence of Decedent's widow. Mot. at 2-3, Reply at 3.

Defendants contend that they discovered through the August 7, 2018, deposition testimony of Decedent's widow that Decedent had abandoned his Arizona domicile. Resp. at 2–4. Accordingly, Defendants removed this case to federal court based on diversity of citizenship and an amount in controversy over $75,000, arguing that Decedent should be considered a citizen of Wisconsin, his intended destination at the time of his death. Notice at 12. The amount in controversy is not in dispute, but Plaintiff asserts that Defendants' September 6, 2018 removal was (1) untimely, because Defendants had notice of the facts on which they rely before the August 7, 2018 deposition; and (2) improper, because Decedent's domicile remained in Arizona at the time of his death. Mot. at 1.

## II.     DISCUSSION

Within a certain time period, a defendant may remove a case from state court if the federal court would have original jurisdiction over the action. 28 U.S.C. §§ 1441, 1446(b). Removable cases include civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). But because federal courts are courts of limited jurisdiction, a removing defendant must overcome the presumption that no federal jurisdiction exists and establish jurisdiction by a preponderance of the evidence. *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013). Removal statutes are strictly construed, and the Court will resolve all doubts against removal. *See Fajen v. Found., Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The Court will first consider the timeliness of Defendants' Notice, then will address the evidence of jurisdiction to determine the propriety of removal.

## A. Timeliness

The timeliness of Defendants' removal hinges on when they were put on notice of the facts on which they rely to argue that Decedent was not a citizen of Arizona. Generally, defendants must file a notice of removal within 30 days of receiving the initial state-court pleading. 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). "Most courts, including [the Tenth Circuit Court of Appeals], have consistently interpreted the term *other paper* broadly to include state-court filings and discovery." *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1268 (10th Cir. 2016). Consequently, both the deposition testimony relied on by Defendants and the prior discovery responses relied on by Plaintiff could have triggered the duty to remove under § 1446(b)(3).

However, "[t]he 30-day clock does not begin to run until the plaintiff provides the defendant with 'clear and unequivocal notice' that the suit is removable." *Id.* at 1269. The Tenth Circuit applies this standard strictly and requires that the information given to the defendant establishes removability with certainty. *Id.* at 1269–70. The Tenth Circuit Court of Appeals "disagree[s] with cases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove *may* exist." *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998). The Court has explained that practical concerns over the expenditure of judicial and party resources weigh against allowing extensive litigation over when a defendant realized or should have realized that a case was removable. *Paros Props.*, 835 F.3d at 1270. Instead, the Tenth Circuit Court of Appeals has

cited favorably many cases from other circuits holding that defendants have no duty to investigate removability and that the courts will not inquire into a defendant's subjective knowledge or what they should have inferred by what date. *See id.* at 1270–71 (collecting cases).

Specific to the element of citizenship for the purposes of diversity jurisdiction, the Tenth Circuit has held that a defendant was not put on notice that a plaintiff's citizenship had changed by his deposition testimony that "after 'mov[ing] to California [from Salt Lake City] the first part of July of 1972," he had "returned [to Salt Lake City] in August of [1974] and purchased a unit.'" *Id.* (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 495 (10th Cir. 1979)). "Because the plaintiff 'did not say that he had permanently moved,' [the Court reasoned that] the defendant did not 'learn with certainty' from the deposition that the plaintiff was a citizen of Utah." *Id.* (quoting *DeBry*, 601 F.2d at 488–89). Instead, the plaintiff "was noncommittal regarding a change of residence or citizenship[.]" *DeBry*, 601 F.2d at 488.

Here, Plaintiff's July 2, 2018 discovery responses informed Defendants that Decedent and his family "were moving from Arizona to Wisconsin, into Decedent's dad's house." Mot. at 2. But Plaintiff did not state that the move was permanent. Although the lists of possessions and the one-way U-haul rental would not have suggested a short-term change in location, neither did they provide 'clear and unequivocal notice' of a new domicile. Because domicile is determined in part by intent, it is possible to move to a new state and reside there for years without necessarily acquiring new citizenship. *See Bair v. Peck*, 738 F. Supp. 1354, 1356 (D. Kan. 1990) (A new domicile is not established if there is an "existing intention to return upon the happening of a reasonably foreseeable event. Consequently, it is often presumed a student attending an out-of-state university intends to return to his or her home state upon completion of studies." (internal citations omitted)); *Walden v. Broce Construction Co.*, 357 F.2d 242, 245 (10th Cir.

1966) ("[C]itizenship is not necessarily lost by protracted absence from home, where the intention to return remains."). Applying *Debry* and strictly construing the notice requirements of § 1446(b)(3), the Court finds that Defendants were not put on notice of removability by Plaintiff's July 2, 2018 discovery responses and therefore that the Notice of Removal was timely.

### B. Diversity Jurisdiction

"[D]iversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state—that is, there must be 'complete diversity between all plaintiffs and all defendants.'" *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). Corporations are considered citizens of every state in which they have been incorporated or have their principal place of business. § 1332(c)(1). Defendants are citizens of Arizona. "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." § 1332(c)(2). Plaintiff takes on the citizenship of Decedent. And as an individual, Decedent is a citizen of the state in which he was domiciled. *Middleton*, 749 F.3d at 1200.

"To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006) "Once domicile is established, however, the person may depart without necessarily changing his domicile." *Id.* When a party seeks to prove that a domicile has changed, there is a rebuttable presumption in favor of the prior established domicile. *Middleton*, 749 F.3d at 1200. "'To effect a change in domicile, two things are indispensable: First, residence in a new domicile, and second, the intention to remain there indefinitely.'" *Id.* (quoting *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir.1983)).

This is not merely a two-factor test. "[W]hen it comes to determining a person's domicile for diversity-jurisdiction purposes, a district court should consider the totality of the circumstances." *Middleton*, 749 F.3d at 1200–01. "It's an all-things-considered approach, and any number of factors might shed light on the subject in any given case." *Id.* at 1201 (citing 13E Charles Alan Wright et al., Federal Practice and Procedure § 3612, at 536–41 (3d ed. 2009) (listing "the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity")). However, these factors are used to assess a party's residence and intent to remain in a location when at least some level of physical presence there is uncontested. *See, e.g.*, *Middleton*, 749 F.3d at 1201.

Here, however, Decedent did not physically take up residence in a new domicile because he never made it to Wisconsin. Accordingly, the Court finds that the first prong of the test has not been satisfied. In *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998), the Second Circuit Court of Appeals concluded that a plaintiff's "domicile would not have changed to Connecticut solely upon his formation of an unimplemented intent to move there; it would not have changed until he also was physically present in Connecticut." Similarly, the District Court for the Northern District of California determined that a plan to move did not change a plaintiff's citizenship when it had not yet been carried out, even though the plaintiff had already arranged for housing in the new state. *See Grieco v. World Fuel Services, Inc.*, No. C–11–05672 JCS, 2012 WL 440700, *5 (N.D. Cal. February 10, 2012) (unpublished). The Court reaches the same conclusion here. Considering the presumption in favor of Decedent's established domicile and

resolving all doubts against removal as it must do, the Court concludes that Defendants have not met their burden to prove jurisdiction by a preponderance of the evidence, and therefore this case must be remanded to state court.

IT IS THEREFORE ORDERED that:

(1) PLAINTIFF'S MOTION TO REMAND (Doc. 5) is GRANTED; and

(2) This case is remanded to the First Judicial District Court, County of Santa Fe, New Mexico.

_____
SENIOR UNITED STATES DISTRICT JUDGE